UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY FINLEY #266147,

    Plaintiff,

v.

Case No. 2:17-cv-149
HON. PAUL L. MALONEY

MANDI SALMI, et al.,

    Defendant(s).

_____/

REPORT AND RECOMMENDATION

Plaintiff Timothy Finley, an inmate at the Oaks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Mandi Salmi, Robert Napel, Paul Eyke, Andrew Boudreau, Dennis Viitala, Erica Huss, Sarah Schroeder, and Carrie Guizztti, all of whom were employed by the MDOC at the Marquette Branch Prison (MBP) during the pertinent time period. Plaintiff alleges in his complaint that he has been diagnosed with bipolar disorder, exhibitionism, antisocial personality disorder, and borderline personality disorder. Plaintiff states that mentally ill prisoners are scattered throughout the MBP prison population and he was subjected unnecessarily to excessive noise and placement near disruptive prisoners. Plaintiff asserts that this behavior caused a severe deterioration of his mental health and psychological stability. Plaintiff asserts that these conditions caused him to cut himself and swallow razor blades. Plaintiff was hospitalized on many occasions. Despite these behaviors, Plaintiff did not receive mental health treatment.

Defendants Napel, Eyke, and Salmi move for dismissal on the grounds of qualified immunity. (ECF No. 33). Plaintiff filed a response. (ECF No. 48). Defendants filed a reply.

(ECF No. 53).  Plaintiff concedes that Defendant Eyke is entitled to dismissal from this action. Plaintiff argues that Defendants Napel and Salmi should not be dismissed from this action.

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations.  *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47).  The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 355 U.S. at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (internal quote omitted).

Defendants Napel and Salmi argue that Plaintiff's claim for injunctive relief is moot due to his transfer from MBP.  Defendant moves to dismiss Plaintiff's claims for injunctive relief

2

under Rule 12(b)(1). The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanations of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to MBP and be subjected to these allegedly unconstitutional conditions by Defendants Napel and Salmi. Thus, there is no evidence of "immediate danger" of injury. Accordingly, in

the opinion of the undersigned, Plaintiff's requests for injunctive relief against Defendants Napel and Salmi should be dismissed.[1]

Plaintiff alleges that Defendant Salmi violated his due process rights by failing to provide accurate information on misconduct sanction assessment forms which would have placed him in mental health observation instead of potentially subjecting him to an administrative segregation sanction. In addition, Plaintiff alleges a denial of access to mental health care under the Eighth Amendment and "a substantial due process claim for reckless intent" against Defendant Salmi. (ECF No. 48, PageID.746-747).

In the opinion of the undersigned, Plaintiff's due process claims fail as a matter of law. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a

---

[1] The exception which provides that a claim does not become moot where it is capable of repetition, yet evades review, does not apply. This doctrine applies only in exceptional circumstances, and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. This the plaintiff cannot do here.

4

prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. " *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005). Plaintiff has failed to show that the possible sanction of administrative segregation was an atypical and significant hardhip.

Plaintiff's factual allegations suggest that Defendant Salmi acted with "reckless intent." "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

5

Plaintiff claims that Defendant Salmi acted with reckless intent. Plaintiff's allegation of reckless intent fails to rise to the level of gross negligence with allegations indicating the sort of arbitrary deprivation that would implicate due process. "The mere allegation of gross negligence – or the use in the pleadings of any other 'vituperative epithet,' for that matter – will avail the plaintiff nothing . . . if the facts alleged are not sufficient to make out a constitutional violation." *Llewellen v. Metro. Gov't of Nashville & Davidson County*, 34 F.3d 345, 349 (6th Cir. 1994); *see also Jones v. Sherrill*, 827 F.2d 1102, 1106 (6th Cir. 1987) ("Negligence does not become 'gross' just by saying so."). Instead, "[t]he facts alleged in support of the legal conclusion of gross negligence must be sufficient to charge government officials with outrageous conduct or arbitrary use of government power." *Id.* Accordingly, it is recommended that Plaintiff's due process claims against Defendant Salmi be dismissed. Defendant Salmi acknowledges that Plaintiff has alleged an Eighth Amendment claim for the denial of mental health treatment.

It is recommended that Plaintiff's substantive due process claim against Defendant Salmi be dismissed. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not

6

the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there is a specific constitutional amendment that applies to Plaintiff's claims. The Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his mental health and medical claims. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal).

Therefore, it is recommended that Defendants' Motion for Dismissal (ECF No. 33) be granted with regard to Defendant Eyke, Plaintiff's claims for injunctive relief against Defendants Salmi and Napel, and his procedural due process and substantive due process claims against Defendant Salmi. It is recommended that the motion be denied as to Plaintiff's claims for monetary damages against Defendants Salmi and Napel for alleged Eighth Amendment violations.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: October ___, 2018

                                                                       _____
                                                                        TIMOTHY P. GREELEY
                                                                        UNITED STATES MAGISTRATE JUDGE