UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY FINLEY, #266147,<br>        Plaintiff,<br>-v-<br>MANDI SALMI, *et al.*,<br>        Defendants. | No. 2:17-149<br><br>Honorable Paul L. Maloney |
| TIMOTHY FINLEY, #266147,<br>        Plaintiff,<br>-v-<br>STEVE MLEKO, *et al.*,<br>        Defendants. | No. 2:17-159<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Two civil rights lawsuits filed by Timothy Finley have been consolidated. Finley is a prisoner under the control of the Michigan Department of Corrections. The magistrate judge issued a report recommending disposition of six motions. (ECF No. 110.) In case number 2:17cv149, the report and recommendation addresses Defendants' motions for summary judgment (ECF Nos. 59 and 88) and Plaintiff's motion to strike affidavit (ECF No. 101). In case number 2:17cv159, the report and recommendation addresses Defendants' motion for summary judgment (ECF Nos. 58 and 92) and Plaintiff's motion to strike affidavits (ECF No. 105). Plaintiff filed objections. (ECF No. 114.)

As background, Plaintiff has been diagnosed with bipolar disorder, antisocial personality disorder, and borderline personality disorder. He has a history of self-harm. He

has cut himself with razor blades and swallowed pieces of razor blades. He complains that the noise in the facility has caused a serious deterioration of his mental health and psychological stability. He complains that the defendants have failed to protect him (from himself) and have been deliberately indifferent to his serious medical needs.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. The magistrate judge recommends denying Plaintiff's motions to strike. Plaintiff did not object to the recommendation. The Court will deny the two motions to strike affidavits.

2. Noise Levels - Defendant Napel. Plaintiff raises an Eighth Amendment claim against Warden Napel arising from the noise levels at the facility. The magistrate judge recommends granting the motion for summary judgment as to Napel. Plaintiff objects. Plaintiff's objection is overruled.

Plaintiff has not established a genuine issue of material fact that the noise levels pose a pervasive risk of injury to him. More specifically, Plaintiff has not provided any medical documentation that the noise levels at the facility have caused him injury or that he needs a quieter environment to avoid injury. The medical evidence in the record concerning

Plaintiff's health does not connect a deterioration in his existing mental health problems and his self-injurious behavior to the noise levels.

    3. Medical Care - Multiple Defendants. Plaintiff raises an Eighth Amendment claim concerning the medical care, or lack thereof, he has received at the facility. The magistrate judge summarizes both the care received and the involvement of each defendant in the care. The magistrate judge recommends granting the motions and dismissing the Eighth Amendment medical care claims. Plaintiff objects. Plaintiff's objections are overruled.

    a. Bias. That the magistrate judge extended the time to file a motion for summary judgment and then recommended granting the motion and dismissing the claims is not evidence of bias. To establish bias, Plaintiff must point to some "extrajudicial source," a source outside of the immediate judicial proceeding. *Liteky v. United States*, 510 U.S. 540, 545 (1994).

    b. Defendant Salmi. Plaintiff generally complains about the care he received from Salmi, asserting that the care was so ineffectual to his objective medical needs as to demonstrate deliberate indifference. The Court finds the recommendation of the magistrate judge factually and legally sound. Salmi conducted suicide risk evaluations and adjusted the risk level based on her observations. That Plaintiff was still able to harm himself does not establish that Salmi's treatment was deliberately indifferent.

    c. Defendants Mleko, Hedlund, Foster, Steede, and Kimsel. The magistrate judge summarized the evidence in the record relevant to Plaintiff's claims against these five defendants. Plaintiff generally complains these five individuals did not act fast enough when he was spitting up blood. Mleko contacted the medical provider and obtained authorization

to take Plaintiff to the hospital.  Plaintiff has not established how the other four defendants were involved in his care or treatment such that he has a claim against them.

        d. Defendant Samuelson and Falk.  Plaintiff has no objection to the recommendation that the claims against these two defendants should be dismissed. (PageID.1971.)

    4. Conspiracy Claim - Melko Foster and Hedlund.  The magistrate judge concludes Plaintiff has not identified any overt act taken in furtherance of a single plan.  Plaintiff offers a general objection without addressing any specific factual finding or conclusion. (PageID.1971.)Plaintiff's objection is overruled.  The general objection is not sufficiently specific to merit de novo review.

    5.  Failure to Protect / Failure to Provide Medical Care - Multiple Defendants. Plaintiff generally claims he asked the various defendants for medical care or they observed his obvious need for medical care, and they did not provide the needed medical care.  The magistrate judge noted that Plaintiff received medical attention on each of the days where Plaintiff claims the defendant failed to protect him or failed to provide medical care.  Plaintiff objects.  Plaintiff's objections are overruled.  Plaintiff has not explained or suggested how he received medical care on the same days when he alleges a particular defendant ignored his requests for help.  That a particular defendant did not immediately provide medical attention or did not contact health care while still in Plaintiff's presence is not sufficient to survive summary judgment.  For Defendant Baldini, Plaintiff has not established that Baldini was aware of Plaintiff's propensity for self-harm.  And, Baldini attempted to retrieve the razor after Plaintiff used it to shave.

6. Qualified Immunity. The magistrate judge found that Defendants were entitled to qualified immunity because the facts failed to show that they acted with deliberate indifference. Thus, the recommendation that Defendants are entitled to qualified immunity is due to the lack of a constitutional violation. Without a constitutional violation, the qualified immunity defense is moot — one does not need immunity from a lawsuit if no constitutional violation occurred. *See Adams v. City of Auburn Hills*, 336 F.3d 515, 520 (6th Cir. 2003); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999); *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998). Because the Court agrees will adopt the recommendations of the magistrate judge and find that no constitutional violation occurred, the Court need not resolve Plaintiff's objection that the law was clearly established.

For these reasons, the Report and Recommendation (ECF NO. 110) is **GRANTED**. For 2:17-cv-149:

Plaintiff's motion to strike affidavit (ECF No. 101) is **DENIED**

Defendants' motions for summary judgment (ECF Nos. 59 and 88) are **GRANTED**.

For 2:17-cv-159:

Plaintiff's motion to strike affidavit (ECF No. 105) is **DENIED;**

Defendants' motions for summary judgment (ECF Nos. 58 and 92) are **GRANTED.**

**IT IS SO ORDERED.**

Date: October 8, 2019          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge